# The Chicago West Division Railway Company

*v.*

# John Hughes.

1. INSTRUCTION—*should not place right of recovery on grounds not involved in the pleadings.* Where the gist of an action was negligence in the servants of a street railway, whereby the plaintiff was carelessly run over and injured, it was held error to modify an instruction asked by the defendant, submitting the question of negligence fairly to the jury, by submitting other matters of inducement merely, and not of the substance of the charge, and which, if true, would make a different cause of action, and especially where there was no proof of such other matter.

2. NEGLIGENCE—*not stopping street car.* Where a passenger falls off a street car when in full motion, in front of the wheels, and the servants in charge of the same know that he is off the car, and holding on to the iron rail to save himself from being run over, it is culpable negligence if they do not stop the car, and thereby save him from injury.

3. EXCESSIVE DAMAGES—*personal injury.* Where a city railway company was sued for damages sustained through the negligence of its servants, and it was alleged that the plaintiff was pushed off the end of the car in front of the wheels, while the car was in rapid motion, and that he caught to the iron railing and held on for a time sufficient to have stopped the car after those in charge knew of his perilous position, but they neglected to stop the same, and that his hold finally gave way, and the wheels run over his arm, it was *held*, that if the facts had justified the finding of the company guilty, $3000 damages were not excessive.

APPEAL from the Circuit Court of Du Page county; the Hon. SILVANUS WILCOX, Judge, presiding.

Messrs. AYER & KALES, for the appellant.

Messrs. BENNETT & SHERBURNE, for the appellee.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action on the case, commenced in the Superior Court of Cook county, and taken by change of venue to Du Page county, resulting there in a verdict for the plaintiff of five thousand dollars. On a motion for a new trial being made, the plaintiff remitted two thousand dollars, and judgment was rendered for three thousand dollars. To reverse this judgment the defendant appeals.

The action was brought against the Chicago West Division Railway Company, a street railway, the plaintiff declaring in three counts, the first two for driving the car so negligently that the plaintiff, using due care, was thrown from the car, run over and greatly injured. In the third count, accompanied by the requisite preliminary allegations, it is charged, that whilst the plaintiff was acting with all due care and diligence, one of the servants of the defendant, who was controling and conducting the car, while passing through the car, in the discharge of his duty as such servant, carelessly ran against and pushed the plaintiff off the car, by means whereof plaintiff fell from the car, in front of the wheels, while the car was moving at full speed, and plaintiff seeing and realizing he was in great danger of being crushed thereby, caught and held with all his might upon the front part of the car, and was dragged for some distance in that position, and while being so dragged, he called in a loud voice to defendant's servants operating the car, to stop it, that he was in danger of being killed; that they heard, saw and knew all this, and had ample time, before plaintiff's hold upon the car was

broken, to have stopped the car, and saved plaintiff from injury. But they disregarded all this, and carelessly and negligently allowed the car to continue on at full speed, and in consequence of this plaintiff's hold upon the car was broken, and he fell upon the pavement in front thereof, and was run over, his arm crushed, wounded and mangled.

Appellant urges, as grounds for reversal, giving an improper instruction on the part of the plaintiff, refusing to give proper instructions on behalf of the defendants, and in modifying their instructions, the verdict is contrary to the law and the evidence, and that the damages are excessive.

Upon the point that the verdict is contrary to the evidence, as the case will have to be tried again, we forbear any particular comments on the evidence, and dismiss its consideration with the remark, from our point of view, and fully considering the testimony with surrounding circumstances, we should be very unwilling to render such a verdict. The charge that he was kicked off or pushed off the car is not sustained, save by his own oath, and he is flatly contradicted by the driver and conductor, who were both in a better condition to know the facts than the plaintiff, for he was most unquestionably "under the influence of liquor" at the time. He stated, in one part of his testimony, he had not drank a drop on that day. It was Sunday, and he was at one or more saloons, and acknowledged that he had taken one glass of beer. Again he stated he had taken two glasses of ale, which he called beer. How much whisky he had taken, he did not state. Dr. Skeer, his physician, who accompanied him in the hack immediately after the accident, says, "I noticed at once he had been drinking, one of the best evidences of which was the smell of his breath. His general conduct denoted that."

We have directed our attention chiefly to the instructions, and we concur with appellant, that the court should have given their fourth instruction as asked.

The first two counts of the declaration were for negligence of defendant; the third count claimed that a servant of

defendant, passing through the car, carelessly ran against and pushed the plaintiff off the car, whereby he fell in front of the wheels while it was moving at full speed, and defendant's servants, knowing he was off the car and holding on to save himself, carelessly and negligently failed to stop the car.

The gist of the action is negligence, and nothing else. If the plaintiff was pushed from the car intentionally by the servants of the defendant, the action would be trespass, and if death resulted from it, would be homicide of the most atrocious character. There is no proof the plaintiff was pushed from the car. He himself states he was thrown off by a kick from behind; did not see who kicked him. There were several persons on the platform at the time. The case on trial was one for negligence only, and plaintiff was bound to establish his case by a preponderance of evidence. The charge in the third count is not for pushing plaintiff off the car, but for carelessly and negligently proceeding with the car, when the managers of the car knew he was off, and hanging by the iron rail of the step. This was the culpable negligence, and the instruction, as asked, submitted this point fairly to the jury. The modification was unnecessary, and might have led the jury off to the consideration of matters of inducement merely, and not the substance of the charge. If the jury found the plaintiff was pushed off by a servant of the company, then the verdict is contrary to the evidence, and ought not to stand. The instruction as modified would have authorized the jury to find against the defendant, though the plaintiff might have been pushed off by some one not connected with the car. It is complained by appellant that the court improperly modified the sixth instruction. We fail to see wherein the court erred in this respect. All the material parts of the modification are alleged in the declaration, and testimony was heard to substantiate them.

Upon the point the damages are excessive, we are not satisfied they are, if the jury were authorized to find the defendants

guilty.   If the facts justify the finding, the damages are not excessive.

For the reasons given the judgment is reversed, and the cause remanded for a new trial.

*Judgment reversed.*